IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRYAN ZUNIGA,<br><br>    Plaintiff,<br><br>v.<br><br>HB SOUTHEAST INC.,<br><br>    Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Bryan Zuniga ("Plaintiff" or "Mr. Zuniga"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant HB Southeast Inc. ("Defendant") for violations of his rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA") and the Uniform Services Employment and Re-employment Rights Act, ("USERRA") in order to remedy unlawful employment practices on the basis of the Plaintiff's service in the military, to vindicate Plaintiff's rights and the rights of other service members, and to ensure fair treatment and equal opportunity to all

1

employees who also serve in the uniformed services of the United States. Plaintiff is seeking back pay, liquidated damages, and attorneys' fees to remedy these violations of federal law.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

From May 31, 2022 to September 2, 2022 Plaintiff was paid on an hourly basis, without overtime compensation, calculated at one and one-half times his regular rate, for some of the hours Plaintiff worked in excess of 40 in work weeks.

6.

Rather than pay Plaintiff time and a half for all his overtime hours, Plaintiff had to work overtime hours off the clock. Defendant had knowledge that Plaintiff was working overtime hours off the clock. For example, Plaintiffs' supervisor, Roberto Guerra, was aware that Plaintiff was working overtime but only paid him for the day.

**PARTIES**

7.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Gerardo Briceno, located at 3295 River Exchange Drive, Suite 470, Norcross, GA, 30092.

3

## FACTUAL ALLEGATIONS

10.

Mr. Zuniga began working for Defendant on or about May 31, 2022, as a Supervisor.

11.

The Defendant discriminated against Mr. Zuniga because of Mr. Zuniga's military service, in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).

12.

On or around September 2, 2022, Mr. Zuniga submitted his orders to the company for basic training from September 2022 to January 2023.

13.

The company informed Mr. Zuniga that he would no longer have a job when he returned because of his military training.

14.

When Mr. Zuniga returned from basic training, he reached out to Defendant about work and Defendant told him there was no work for him.

15.

Mr. Zuniga's termination was done in bad faith and in direct violation of his rights under USERRA.

16.

Defendant terminated Mr. Zuniga because of his military service.

17.

The effect of Defendant's actions has been to deprive Mr. Zuniga of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Defendant's illegal actions.

18.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19.

Plaintiff re-alleges paragraphs 10-18 as if set forth fully herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## COUNT TWO: DENIAL OF MILITARY LEAVE IN VIOLATION OF USERRA

24.

Plaintiff re-alleges paragraphs 10-18 as if set forth fully herein.

25.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

26.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA on account of his service in the U.S. Air National Guard.

27.

By notifying Defendant of his reserve training requirements on or about September 2, 2022, Plaintiff gave proper notice of his need for military leave under USERRA.

28.

Defendant's actions were committed willfully, intentionally, and with reckless disregard for Plaintiff's right to leave under USERRA, specifically, 38 U.S.C. § 4316(b)(1)(A).

29.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due solely because of his exercise of his rights under USERRA.

30.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not

limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

31.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## COUNT THREE: DENIAL OF EMPLOYMENT RETENTION IN VIOLATION OF USERRA

32.

Plaintiff re-alleges paragraphs 10-18 as if set forth fully herein.

33.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

34.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA on account of his service in the U.S. Air National Guard.

35.

By notifying Defendant of his reserve training requirements on or about September 2, 2022, Plaintiff gave proper notice of his need for military leave under USERRA.

36.

Defendant's actions were committed willfully, intentionally, and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

37.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due solely because of his exercise of his rights under USERRA.

38.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees, and costs of litigation.

39.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## COUNT FOUR: RETALIATION IN VIOLATION OF USERRA

40.

Plaintiff re-alleges paragraphs 10-18 as if set forth fully herein.

41.

As set out above, Plaintiff was a covered employee as that term is defined by USERRA, specifically 38 U.S.C. § 4303(3).

42.

As a covered employee, Plaintiff was entitled to the benefits and protections of USERRA on account of his service in the U.S. Air National Guard.

43.

By notifying Defendant of his reserve training requirements on or about September 2, 2022, Plaintiff gave proper notice of his need for military leave under USERRA.

44.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of his service in the military reserves.

45.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due solely because of his exercise of his rights under USERRA.

46.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

47.

Plaintiff is also entitled to liquidated damages for the violation of his rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court

11

costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(d) Judgment in favor of Plaintiff and against Defendant under Counts Two through Four for its unlawful employment practices in violation of the USERRA;

(e) Damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) Liquidated damages pursuant to 38 U.S.C. § 4323 for violations alleged under Counts Two through Four;

(g) Front pay to compensate Plaintiff for lost future wages and benefits;

(h) Trial by jury as to all issues;

(i) Reasonable attorneys' fees and costs;

(j) Grant Plaintiff leave to add additional state law claims if necessary; and

(k) Such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September 2024.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*

Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff Bryan Zuniga*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com